McBRIDE, Judge.
This is an action in tort wherein Pate-notte and his insurer subrogee seek to recover the aggregate sum of $672.64, representing the damage sustained by Patenotte’s truck when it was struck by a train of the defendant on the morning of July 1, 1958-, shortly before daybreak. Plaintiffs recovered judgment as prayed for and defendant has appealed.
The only question in the case is whether the employees of the defendant railroad were negligent under the circumstances hereinafter related. Negligence is denied by defendant.
At the time in question Patenotte was sleeping in the cab of his trailer-truck which was parked on a roadway customarily used by motor vehicles, the rear of the truck resting upon defendant’s spur track which crosses the roadway. The track at this point is curved, the truck being positioned approximately in the apex of the curve. *271 A switch engine, owned and operated by defendant, pushing 9 or 10 freight cars, approached and as the first car reached a point near the truck, the train was brought to a complete stop and two members of the train crew awakened Patenotte and asked him to remove the truck from the track so as to allow the train to pass. He thereupon drove the truck a short distance forward. Pate-notte never alighted from the truck to determine whether there was adequate clearance, but defendant’s switchman, Gassiot, testified “I knew he was clear,” and admitted he signaled the operator of the train to continue its forward movement. The train then proceeded to pass Patenotte’s vehicle at approximately 3 miles per hour, and several boxcars had successfully gone by when a flatcar loaded with creosote pilings came around the curve with the result the pilings protruded outside the curve and struck the truck causing extensive damage to it.
We believe the above facts manifest a clear case of negligence on the part of the employees of the defendant. The truck was moved at their instructions, and Gassiot stated he and the foreman of the train measured the distance with “our arm and our lamp” and they were satisfied that the clearance space was sufficient.
Counsel for defendant make the argument that the duty rested on Patenotte to make sure that he had moved his truck a safe distance from the track, but we think it is just the other way around and that it was the duty of the defendant’s employees to see to it that the truck was placed in a position of safety. They knew or should have known that one of the cars constituting the train was carrying the long pilings, and that when the particular car rounded the curve its cargo would swing .out over the side of the car thus creating a situation fraught with danger to any object located near the track. Notwithstanding this, they permitted Patenotte’s truck to remain in such close proximity to the track as to be struck by the pilings and in this respect they were guilty of actionable negligence.
If it could possibly be said that there was no negligence on the part of the servants of the railroad and that plaintiff was negligent in the matter of permitting his truck to remain in the position it was, then and in that event the defendant can be said to have failed in its duty to exercise the last clear chance of avoiding the accident, as both its switchman and its foreman knew or should have been cognizant of the fact that the truck was in a position of danger and likely to be struck by the train.
There is no dispute whatever regarding the quantum of damages sustained by plaintiff’s truck.
Therefore, the judgment appealed from is affirmed.
Affirmed.